IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JAMES WILLIAM LULL,<br><br>Debtor.<br>_____<br><br>ROBERT B. EVANS,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES WILLIAM LULL,<br><br>Defendants.<br>_____ | Case No. 06-00898<br>Chapter 7<br><br><br><br><br><br><br><br>Adv. Pro. No. 07-90032<br><br><br><br><br><br><br><br>Related Dkt. No. 17 |

FINDINGS OF FACT AND CONCLUSIONS
OF LAW RE PLAINTIFF ROBERT B.
EVANS' MOTION FOR SUMMARY JUDGMENT

"Plaintiff Robert B. Evans' Motion For Summary Judgment" ("Plaintiff's Motion For Summary Judgment") came on for hearing on November 29, 2007. Harrison P. Chung appeared on behalf of Plaintiff Robert B. Evans (hereinafter "Plaintiff"). Defendant James William Lull (hereinafter "Defendant Lull") did not enter an appearance. No one else appeared at the hearing. Having considered the argument of counsel, the evidence submitted by Plaintiff, the records and files in this case, for the reasons stated in open court, and good cause appearing therefore, the Court makes the following findings of fact and

conclusions of law pursuant to Rule 7052 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1.  On December 8, 2006, Defendant Lull filed a voluntary Chapter 7 bankruptcy petition with the United States Bankruptcy Court, District of Hawaii (the "Bankruptcy Court") and commenced Bankruptcy Case No. 06-00898 (which will be called the "Bankruptcy Case").

2.  Defendant Lull's Chapter 7 petition filed in the Bankruptcy Case on December 8, 2006 listed a street address of 3557 Anini Road, Kilauea, Hawaii 96754.

3.  Plaintiff's complaint was filed on June 14, 2007.

4.  On June 29, 2007 pro se Defendant Lull filed his "Debtor's Notice Of Intent Not To Appear Or Defend Adversary Proceeding." Bankr. Adv. Doc. #11.

5.  Defendant Lull was a mortgage solicitor licensed by the State of Hawaii, working for U.S. Financial Mortgage Corporation on the Island of Kauai, and registered agent for and director of U.S. Financial Mortgage Corporation. Evans Declaration, Exhibit 1 (Hawaii Dept. of Commerce and Consumer Affairs listing of licensed mortgage solicitors working for U.S. Financial Mortgage Corporation), Exhibit 2 (Domestic Profit Corporation Annual Report as of January 1, 2006).

6.  Plaintiff loaned $200,000.00 to Defendant Lull pursuant to Plaintiff's Vanguard check #1040, dated May 4, 2004, and payable to Defendant Lull in the amount of $200,000.00. Evans Declaration, Exhibit 3.

U.S. Bankruptcy Court - Hawaii #07-90032 Dkt # 42 Filed 07/01/08 Page 2 of 10

7. Plaintiff loaned $200,000.00 to Defendant Lull pursuant to Plaintiff's Vanguard check #1041, dated June 29, 2004, and payable to Defendant Lull in the amount of $200,000.00. Evans Declaration, Exhibit 4.

8. Defendant Lull acknowledged the $400,000.00 loans in 2004 from Plaintiff. Evans Declaration, Exhibit 5 (Defendant Lull's letter dated August 7, 2004, on the business stationary of US Financial Mortgage Corporation acknowledging $400,000.00 in loans), Exhibit 6 (Defendant Lull's promissory note dated November 28, 2004, payable to Plaintiff in the amount of $400,000.00). Numbered paragraph "4" of the promissory note, entitled "My Failure To Pay As Required," provided for an award of all of Plaintiff's reasonable costs and expenses, including reasonable attorneys' fees, if and when Defendant Lull defaulted in making his payments under the promissory note. (Evans Declaration, Exhibit 6).

9. Plaintiff loaned $80,000.00 to Defendant Lull pursuant to Plaintiff's Vanguard check #1051, dated November 30, 2004, and payable to Defendant Lull in the amount of $80,000.00. Evans Declaration, Exhibit 7, Exhibit 8 (Defendant Lull's promissory note dated January 4, 2005, payable to Plaintiff in the amount of $80,000.00). Numbered paragraph "4" of the promissory note, entitled "My Failure To Pay As Required," provided for an award of all of Plaintiff's reasonable costs and expenses, including reasonable attorneys' fees, if and when Defendant Lull defaulted in making his payments under the promissory note. (Evans Declaration, Exhibit 8).

U.S. Bankruptcy Court - Hawaii #07-90032 Dkt # 42 Filed 07/01/08 Page 3 of 10

10. Plaintiff loaned $110,000.00 to Defendant Lull pursuant to Plaintiff's Community First National Bank check #1685, dated January 25, 2005, payable to Defendant Lull in the amount of $50,000.00, and Plaintiff's Vanguard check #1052, dated May 13, 2005, payable to Defendant Lull in the amount of $60,000.00. Evans Declaration, Exhibits 10 & 12. The loan for $110,000.00 was acknowledged by Defendant Lull in his letter dated February 7, 2005, on the business stationary of US Financial Mortgage Corporation (Evans Declaration, Exhibit 11), and by that certain promissory note dated May 17, 2005, payable to Plaintiff in the amount of $110,000.00 (Evans Declaration, Exhibit 13). Numbered paragraph "4" of the promissory note, entitled "My Failure To Pay As Required," provided for an award of all of Plaintiff's reasonable costs and expenses, including reasonable attorneys' fees, if and when Defendant Lull defaulted in making his payments under the promissory note. (Evans Declaration, Exhibit 13).

11. Defendant Lull's loans from Plaintiff in the amounts of $200,000.00, $200,000.00, $80,000.00, and $110,000.00, for a total of $590,000.00 in loans from Plaintiff, were supposed to be used by Defendant Lull for "safe short term loans" to third parties, and subject to a maturity date to be established by Plaintiff. Evans Declaration, Exhibit 9 (letter agreement signed by Defendant Lull (date unknown) and by Plaintiff (dated January 8, 2005) acknowledging $590,000.00 in loans from Plaintiff).

12. Defendant Lull's attempts to pay down the $590,000.00 loans from Plaintiff via Defendant Lull's issuance of a series of checks payable to

U.S. Bankruptcy Court - Hawaii #07-90032 Dkt # 42 Filed 07/01/08 Page 4 of 10

Plaintiff were not successful as the checks were dishonored by Defendant Lull's banks. Evans Declaration, Exhibit 14 (dishonored checks 2142 - 2143 drawn by Defendant Lull on First Hawaiian Bank), Exhibit 16 (dishonored checks 1122 and 1138 drawn by Defendant Lull on Central Pacific Bank). Plaintiff notified Defendant Lull of such dishonored checks and demanded full payment of all amounts owed under the promissory notes. Evans Declaration, Exhibits 14-16.

13. Contrary to his promise to Plaintiff, Defendant Lull did not use the $590,000.00 in loan proceeds from Plaintiff to make safe short-term loans to third-parties with sufficient credit worthiness to repay the short-term loans in "60 days or so." Evans Declaration, Exhibit 9 (letter agreement signed by Defendant Lull (date unknown) and by Plaintiff (dated January 8, 2005) acknowledging $590,000.00 in loans from Plaintiff); Evans Declaration, Paragraphs 11 & 16-18.

14. Defendant Lull obtained the $590,000.00 in loans from Plaintiff although Defendant Lull knew that he did not have the financial ability to repay said loans to Plaintiff according to the terms and conditions of said loans. Evans Declaration, Exhibit 9 (letter agreement signed by Defendant Lull (date unknown) and by Plaintiff (dated January 8, 2005) acknowledging $590,000.00 in loans from Plaintiff); Evans Declaration, Paragraphs 11 & 16-18; Request for Judicial Notice.

15. Defendant Lull's actions in obtaining the $590,000.00 in loans from Plaintiff, and in dealing with Plaintiff with regard to said loans, were deliberate and willful acts by Defendant Lull that he knew, or should have known, would cause economic harm and damage to Plaintiff.

U.S. Bankruptcy Court - Hawaii #07-90032 Dkt # 42 Filed 07/01/08 Page 5 of 10

16. As of November 28, 2007, Defendant Lull owed to Plaintiff the amount of $702,878.05 in unpaid principal ($590,000.00), accrued and unpaid interest ($107,502.90), and late charges ($5,375.15), plus attorneys' fees, costs and expenses. Evans Second Declaration, Paragraph 3 & Exhibit A; Amended Supplemental Memorandum, Amended Exhibit A.

17. As a result of pursuing and enforcing his rights and claims against Defendant Lull under and pursuant to the three (3) promissory notes described above, Plaintiff incurred costs and expenses including attorneys' fees. Plaintiff incurred a total of $116,451.01 in attorneys' fees, and costs and expenses, Amended Supplemental Memorandum, Exhibit B, with respect to the $590,000.00 in loans to Defendant Lull, the Bankruptcy Case, and this Adversary Proceeding, as follows:

    a. The amount of $23,269.00 for administrative services performed by Brad Evans and Richard Evans. Evans Second Declaration, Exhibit B.

    b. The amount of $9,369.55 for legal services provided by California attorney Ron A. Stormoen. Evans Second Declaration, Exhibit B.

    c. The amount of $45,195.90 for legal services provided by Bays Deaver Lung Rose & Holma of Honolulu, Hawaii. Evans Second Declaration, Exhibit B.

    d. The amount of $34,978.35 for legal services provided by the Law Offices Of Harrison P. Chung Inc. of Honolulu, Hawaii. Evans

U.S. Bankruptcy Court - Hawaii #07-90032 Dkt # 42 Filed 07/01/08 Page 6 of 10

Second Declaration, Exhibit B; HPC Declaration, Exhibits A-C; Second HPC Declaration, Exhibits D-E; Amended Supplemental Memorandum, Exhibit B.

   e. Other costs and expenses in the amount of $3,638.21. Evans Second Declaration, Exhibit B.

  18. As of November 28, 2007, the total amount owing by Defendant Lull to Plaintiff is $819,329.06.

  19. Any Finding of Fact which is a Conclusion of Law shall be deemed to be a Conclusion of Law. Any Conclusion of Law which is a Finding of Fact shall be deemed to be a Finding of Fact.

## CONCLUSIONS OF LAW

  1. This Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. § 157(b)(2(I).

  2. Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

  3. Plaintiff's Complaint was timely filed.

  4. Defendant Lull used false pretenses, false representations, and fraud to obtain the $590,000.00 loans from Plaintiff and in further dealings with Plaintiff with regard to said loans.

  5. Defendant Lull's debt to Plaintiff is non-dischargeable under 11 U.S.C. §523(a)(2)(A).

  6. Defendant Lull's actions in obtaining the $590,000.00 in loans from Plaintiff, and in dealing with Plaintiff with regard to said loans, were deliberate and willful acts by Defendant Lull that he knew, or should have known,

-7-

U.S. Bankruptcy Court - Hawaii #07-90032 Dkt # 42 Filed 07/01/08 Page 7 of 10

would cause economic harm and damage to Plaintiff and Plaintiff's loans extended to Defendant Lull.

7. Defendant Lull's debt to Plaintiff is non-dischargeable under 11 U.S.C. §523(a)(6).

8. Having determined that Defendant Lull's debt to Plaintiff is non-discharge under 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(6), it is unnecessary to consider the non-dischargeability of said debt under 11 U.S.C. §523(a)(2)(B).

9. Section 607-14 of the Hawaii Revised Statutes provides that in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable provided that the amount shall not exceed twenty-five percent of the judgment.

10. Plaintiff is entitled to an award of $116,451.01 in costs and expenses, including attorneys' fees.

11. The total amount owing to Plaintiff from Defendant Lull is $819,329.06, which includes the following:

    a. The amount of $702,878.05 in unpaid principal ($590,000), accrued and unpaid interest ($107,502.90) and late charges ($5,375.15);

    b. The amount of $23,269.00 for administrative services performed by Brad Evans and Richard Evans;

c. The amount of $9,369.55 for legal services provided by California attorney Ron A. Stormoen.

d. The amount of $45,195.90 for legal services provided by Bays Deaver Lunch Rose and Holma of Honolulu, Hawaii;

e. The amount of $34,978.35 for legal services provided by the Law Offices of Harrison Chung Inc. of Honolulu, Hawaii; and

f. Other costs and expenses in the amount of $3,638.21.

12. Defendant Lull's debt to Plaintiff in the total amount of $819,329.06 as of November 28, 2007, is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(6).

13. An Order will be entered granting the Motion For Summary Judgment.

14. A Judgment will be entered with the Court's ruling that Defendant Lull's debt to Plaintiff in the total amount of $819,329.06 as of November 28, 2007 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(6).

15. The foregoing Judgment in the amount of $819,329.06 in favor of Plaintiff and against Defendant Lull will bear interest from November 28, 2007, at the applicable federal legal rate pursuant to 28 U.S.C. § 1961.

Dated: Honolulu, Hawaii, _____JUL 0 1 2008_____.

/s/ Lloyd King
Lloyd King
U.S. Bankruptcy Judge

---

Evans vs. Lull, Adv. Pro. No. 07-90032 (In re James William Lull, Case No. 06-00898 (Chapter 7)); FINDINGS OF FACT AND CONCLUSIONS OF LAW RE PLAINTIFF ROBERT B. EVANS' MOTION FOR SUMMARY JUDGMENT